UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN HENRY McMURRY,

    Plaintiff,          Hon. Gordon J. Quist

v.                Case No. 1:10-CV-1206

PATRICIA CARUSO, et al.,

    Defendants.
_____/


## REPORT AND RECOMMENDATION

  This matter is before the Court on Plaintiff's Emergency Motion for Preliminary Injunction. (Dkt. #11). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

  Plaintiff initiated this action against seventeen individuals and Prison Health Services, alleging that Defendants have failed to provide him with adequate medical care in violation of his rights under the Eighth Amendment and the Americans with Disabilities Act (ADA). Plaintiff further alleges that Defendants have violated state law, Michigan Department of Corrections policies, and the state's contractual agreement with Prison Health Services. Finally, Plaintiff alleges that Defendants have engaged in an unlawful conspiracy. Plaintiff seeks declaratory and injunctive relief in the form of specific medical treatments, as well as compensatory and punitive damages.

  On March 23, 2011, the Honorable Gordon J. Quist dismissed Plaintiff's conspiracy and ADA claims. (Dkt. #16). Judge Quist also dismissed all Plaintiff's claims based "on MDOC policies and state law" as well a great many of his Eighth Amendment claims. *Id.*

Plaintiff now moves for a preliminary injunction seeking the following relief: (1) order Defendants to not engage in any retaliatory activities against Plaintiff; (2) order Defendants to provide Plaintiff with a diet that does not include soy, onions, peppers, peanut butter, tomato products, citrus products, or spicy foods; and (3) enjoin the MDOC from transferring Plaintiff to any correctional facility that is unable to provide him with this diet.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff seeks an order directing Defendants to not engage in any retaliatory activities. Plaintiff has failed to demonstrate that he is likely to be subjected to unlawful retaliation. Plaintiff has likewise failed to demonstrate that he would suffer *irreparable* injury in the event of such. As for Plaintiff's request for the specific diet identified above, Plaintiff has failed to demonstrate that he *requires* such a diet. While Plaintiff may prefer such a diet, the evidence he has submitted does not establish that such a diet is medically necessary. In the absence of such evidence, the public interest is ill served by undue interference in the day-to-day operations of the MDOC. Finally, with respect to Plaintiff's request not to be transferred to any correctional facility unable to provide him with the diet of his choosing, the Court notes that Plaintiff "has no constitutional right to remain incarcerated in a particular prison." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005). The Court fails to discern how the public interest is served by ordering the MDOC to incarcerate Plaintiff in a particular correctional facility absent evidence that such is necessary to ensure Plaintiff's safety.

In sum, Plaintiff has failed to demonstrate that he is likely to prevail on the merits of his various claims or that he has (or will) suffer any injury for which he has no legal remedy. Plaintiff has not established that he will (or is likely to) suffer irreparable injury in the absence of the requested relief. Finally, the Court finds that the public interest would not be served by unnecessary and unwarranted judicial interference in the day-to-day operations of the Michigan Department of Corrections.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Emergency Motion for Preliminary Injunction and a Temporary Restraining Order, (dkt. #11), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 25, 2011  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge