UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HENRY McMURRY,

    Plaintiff,

v.                                                                    Case No. 1:10-CV-1206

PATRICIA CARUSO, et al.,                        HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Defendants Gardon,[1] Pull, and Samulak have filed Objections to the magistrate judge's report and recommendation issued December 29, 2011, in which Magistrate Judge Carmody recommended that the Court grant in part and deny in part Defendants' motions for summary judgement. In particular, the magistrate judge recommended that the Court deny the motions on Plaintiff's individual capacity claims and grant the motions on Plaintiff's official capacity claims for monetary damages.

With regard to the individual capacity claim against Defendant Gardon, the magistrate judge concluded that Plaintiff's allegations sufficed to create a genuine issue of material fact. The magistrate judge noted that Plaintiff alleged that, after being informed that Defendant Gardon would have to approve a ground floor/bottom bunk accommodation, he submitted several kites to Defendant Gardon, but she never responded to Plaintiff's requests. The magistrate judge further noted that Plaintiff alleged that on November 13 2009, several months later, Mary Wilson told Plaintiff that Defendant Gardon refused to approve his request for a bottom bunk accommodation

---

[1] Defendant Gardon is apparently now known as Gardon-Howell.

because Plaintiff was young enough to climb into a top bunk. The magistrate judge observed that Plaintiff's allegations showed that Defendant Gardon did nothing in response to Plaintiff's requests and ultimately denied the accommodation.

As for the individual capacity claims against Defendants Pull and Samulak,, the magistrate judge concluded that Plaintiff's allegations created genuine issues of material fact as to both aspects of Plaintiff's Eighth Amendment claim consisting of Defendants': (1) refusal to honor Plaintiff's bottom bunk accommodation issued by a medical professional; and (2) failure or refusal to help him off the floor after he fell while trying to climb into the top bunk.  Regarding Defendants' refusal to honor the accommodation, the magistrate judge observed that Plaintiff presented evidence that he had a valid accommodation and Defendants refused to honor it.  As for Defendants' refusal to assist Plaintiff, the magistrate judge observed that Plaintiff's evidence shows that he fell while trying to climb into his bunk and that Defendants refused to help him up, leaving Plaintiff to lay on the floor overnight in his own urine.

After conducting a *de novo* review of the report and recommendation and having considered Defendants' Objections and the pertinent portions of the record, the Court concludes that the report and recommendation should be adopted.

### *Defendant Gardon*

Defendant Gardon argues that Plaintiff's only allegation implicating her in denying his request for a bottom bunk accommodation is his claim that he sent kites to her on May 18, 2009, and May 24, 2009, both of which went unanswered.  Defendant Gardon argues, however, that the magistrate judge engaged in speculation by stating that she failed to act and eventually denied Plaintiff's requested accommodation because Plaintiff admits that Resident Unit Supervisor O'Dell obtained a temporary ground floor/bottom bunk  assignment for Plaintiff on May 25, 2009, or shortly thereafter.  But there is no indication that Defendant Gardon was responsible for the

temporary assignment, and Plaintiff's allegations show that even after the temporary accommodation ended he continued to pursue a bottom bunk accommodation. The temporary assignment thus does not undercut Plaintiff's Eighth Amendment claim.

Defendant Gardon also asserts that Plaintiff's reference to what Mary Wilson told him about Defendant Gardon's refusal to approve his requested accommodation is inadmissible hearsay. The comment may or may not be hearsay. It appears that Mary Wilson was a health unit employee and was reporting Gardon's reason for denying Plaintiff's request. If Mary Wilson was Defendant Gardon's subordinate, her statement may well be admissible under Federal Rule of Evidence 801(d)(2)(D) if Wilson's statement concerned a matter within the scope of her employment. *See Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1216 (3d Cir. 1995) ("Where a supervisor is authorized to speak with subordinates about the employer's employment practices, a subordinate's account of an explanation of the supervisor's understanding regarding the criteria utilized by management in making decisions . . . is admissible against the employer."); *Hybert v. Hearst Corp.*, 900 F.2d 1050, 1053 (7th Cir. 1990) (statements by the plaintiff's supervisor, who was himself a member of management, regarding the attitude and intentions of upper management toward older employees was admissible under Rule 801(d)(2)(D)).

### *Defendants Pull and Samulak*

Defendants Pull and Samulak again argue that they had nothing to do with the cell transfer decision, that they had no authority to approve a cell move, and that they were simply following procedure and procedure in executing the order to move Plaintiff. The Court concurs with the magistrate judge that these arguments miss the point. The issue is not whether Defendants made the decision to move Plaintiff, but whether they were deliberately indifferent to Plaintiff's serious medical need. As the magistrate judge concluded, a genuine issue of material fact remains on this claim. In this regard, Defendants' reliance on *Babcock v. Roe*, No. 97-2128, 1999 WL 96988 (6th

Cir. Feb. 2, 1999), is not only misplaced, but tends to support the denial of summary judgment. The Sixth Circuit addressed *Babcock* following a trial by the district court, in which the plaintiff did not testify and the defendants had no recollection of the events. *Id.* at *1. The district court found that the failure to immediately assign the plaintiff a lower bunk likely resulted from "bureaucratic inflexibility." *Id.* Unlike the instant case, however, there is no indication that the plaintiff presented evidence that the defendants were deliberately indifferent to the plaintiff's serious medical condition by refusing to honor his lower bunk accommodation.

Defendants repeat essentially the same arguments they made to the magistrate judge regarding the failure to assist portion of Plaintiff's claim. The magistrate judge adequately addressed these arguments, and Defendants have failed to persuade the Court that the magistrate judge's conclusion should be rejected.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 29, 2011 (docket no.81) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motions For Summary Judgment (docket nos. 30 and 61) are **GRANTED IN PART AND DENIED IN PART**. The motions are **granted** with respect to Plaintiff's official capacity claims against Defendants Gardon, Pull, and Samulak for monetary relief and **denied** with respect to Plaintiff's claims against Defendants in their individual capacities.


Dated: February 17, 2012                                            /s/ Gordon J. Quist
                                                                                 GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE