UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HENRY McMURRY,

    Plaintiff,

v.                                                                          Case No. 1:10-CV-1206

PATRICIA CARUSO, et al.,                        HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On October 10, 2012, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation (R & R) in which she recommended that summary judgment be granted in favor of the following Defendants: Mehdi Almasi, Syed Sohail, Richard Hirschler, Savithri Kakani, and Prison Health Services, Inc. (PHS). Plaintiff, John Henry McMurry, claims that Defendants conspired over a period of almost four years to deprive him of adequate medical care for various medical conditions, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. On October 23, 2012, Plaintiff filed a timely Objection to the R & R. After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Defendants' Motion for Summary Judgment (docket no. 96) should be granted.

First, Plaintiff's overarching objection is that the R & R incorrectly states that Plaintiff was examined by Defendants. Plaintiff argues that Defendants did not actually examine Plaintiff but received his "legal constructive notice," a written document of Plaintiff's medical concerns, which informed Defendants of Plaintiff's condition. The Court finds this distinction irrelevant for purposes

of the R & R. Whether Defendants physically examined Plaintiff or discussed Plaintiff's medical history with Plaintiff with the assistance of Plaintiff's medical records, Plaintiff has failed to establish that Defendants were deliberately indifferent to Plaintiff's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976). Plaintiff has not established that his evidence, when viewed in the light most favorable to Plaintiff, would be sufficient for any rational trier of fact to find that any of the Defendants possessed the necessary state of mind—knowing disregard of an excessive risk to inmate health or safety. *See Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

Plaintiff next argues that there exists a genuine issue of material fact because Defendant Sohail states in his affidavit that Plaintiff's back pain was responding well to exercise, (Ex. E, Docket no. 97-2), even though Plaintiff alleges he was in too much pain to exercise. To the extent that a plaintiff simply disagrees with the medical treatment he received or asserts that he received negligent care, Defendant Sohail is still entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105–06, 97 S. Ct. at 292) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions *sufficiently harmful to evidence deliberate indifferent to serious medical needs*. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.") (emphasis added). Plaintiff "must show more than negligence or the misdiagnosis of an ailment." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). Thus, the Court finds Plaintiff's argument unpersuasive for purposes of Defendants' Motion for Summary Judgment.

Plaintiff's third objection is that Defendant Hirschler denied Plaintiff adequate treatment to save PHS costs. He also argues that he has produced sufficient evidence to warrant a material issue of fact against Hirschler because Plaintiff followed the nursing staff's advice to record his ailments and present them to the medical provider at appointments. When he did so, Plaintiff alleges, Hirschler ignored his complaints. Again, the Court finds Plaintiff's objections insufficient to generate a material issue of fact to overcome Defendants' Motion for Summary Judgment. That PHS has an interest in cost savings or that Plaintiff recorded his medical complaints and, in his opinion, Hirschler did not fully address his complaints, does not constitute sufficient evidence for a rational jury to find Defendants possessed the requisite state of mind. Plaintiff must show more than negligence or misdiagnosis. Rather, Plaintiff must show, by more than a mere "scintilla of evidence," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2511 (1986), that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Moreover, Plaintiff "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006). Because Plaintiff has not produced evidence of deliberate indifference by Hirschler, the Court will reject Plaintiff's objection.

Plaintiff's fourth objection merely restates Plaintiff's prior arguments with specific reference to Defendant Kakani. Plaintiff argues that Kakani did not physically examine Plaintiff and that there is a genuine issue for trial because Kakani did not address the written list of Plaintiff's medical complaints. Therefore, the Court draws the same conclusion as above—Plaintiff's evidence is insufficient to state a genuine issue of material fact.

Finally, Plaintiff objects that the magistrate judge was incorrect in concluding that Plaintiff has not established that PHS has a policy or practice of violating prisoners' federal rights. Plaintiff

3

argues that it is PHS's "policy and practice of choosing cost savings over care." (Docket no. 112, Page ID 1553.) In support of his objection, Plaintiff argues that "just because the Plaintiff was seen [by medical professionals] does not mean he was treated for his documented serious medical needs." (*Id.*)

To establish PHS's liability, Plaintiff must demonstrate that he suffered a violation of his Eighth Amendment rights "because of" a PHS policy, practice, or custom. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). For Plaintiff to establish that PHS has a policy, practice, or custom, Plaintiff must demonstrate (1) the existence of a "clear and persistent pattern" of illegal activity, (2) that PHS had notice or constructive notice of the pattern, (3) that PHS tacitly approved of the illegal activity, such that PHS's "deliberate indifference in [its] failure to act can be said to amount to an official policy of inaction," and (4) that the policy, practice, or custom in question was the "moving force" or "direct causal link" in the constitutional deprivation. *See id.* at 429 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)). Plaintiff has not produced evidence to support such a finding, and Plaintiff may not rest upon mere allegations of a policy, practice, or custom to overcome a motion for summary judgment. *See Pack*, 434 F.3d at 814.

After reviewing Plaintiff's objections, the Court finds that no reasonable trier of fact could find other than for the moving party. *See Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued October 10, 2012 (docket no. 108) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 96) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Objection (docket no. 112) is **OVERRULED.**


Dated: December 20, 2012 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE