UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HENRY McMURRY,

    Plaintiff,                                  Hon. Gordon J. Quist

v.                                                 Case No. 1:10 CV 1206

PATRICIA CARUSO, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Substituted Service. (Dkt. #110). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied** and that, in the alternative, Plaintiff's claims against Defendants Cohen, Stevenson, Sudhir, Whalen, and Baker be **dismissed without prejudice for failure to timely effect service**.

Plaintiff initiated the present action November 18, 2010, against numerous defendants, including Defendants Cohen, Stevenson, Sudhir, Whalen, and Baker. On January 14, 2011, Plaintiff submitted an amended complaint. On March 23, 2011, the Honorable Gordon J. Quist ordered that Plaintiff's amended complaint be served on several individuals and entities, including Defendants Cohen, Stevenson, Sudhir, Whalen, and Baker. On May 10, 2011, Notice of Lawsuit and Request for Waiver of Service forms were prepared to effect service on all remaining Defendants (including Defendants Cohen, Stevenson, Sudhir, Whalen, and Baker) and delivered to the United States Marshal for distribution. While several defendants executed and returned the Waiver of Service forms, Defendants Cohen, Stevenson, Sudhir, Whalen, and Baker did not do so.

Plaintiff took absolutely no action concerning the attempts to effect service (or obtain a waiver of service) on Defendants Cohen, Stevenson, Sudhir, Whalen, and Baker until filing the present motion almost one and one-half years later. During this time, Plaintiff neither requested an extension of time to effect service on these Defendants nor requested the Court's assistance in effecting service on these Defendants. In the respect, the Court notes that Plaintiff has filed several motions requesting extensions of time with respect to other matters, (dkt. #18, 43, 66, 101), thus demonstrating that he clearly understands that he can request additional time to perform required actions.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court - on motion or on its own initiative after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See also*, *Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added); *Clemons v. Soeltner*, 652 Fed. Appx. 81, 82 (6th Cir., Mar. 26, 2003) (if the plaintiff demonstrates good cause for such failure, the court *may* extend the time for service). Considering Plaintiff's lack of diligence in this matter, as well as his failure to articulate good cause for such lack of diligence, the undersigned recommends that Plaintiff's claims against Defendants Cohen, Stevenson, Sudhir, Whalen, and Baker be dismissed without prejudice for failure to timely effect service.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Substituted Service</u>, (dkt. #110), be **denied** and that, in the alternative, Plaintiff's claims against Defendants Cohen, Stevenson, Sudhir, Whalen, and Baker be **dismissed without prejudice for failure to timely effect service**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 31, 2013   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge