UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JOHN HENRY McMURRY,

    Plaintiff,

v.                                              Case No. 1:10-CV-1206

PATRICIA CARUSO, et al.,               HON. GORDON J. QUIST

    Defendants.

_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff, a pro se prisoner incarcerated with the State of Michigan, has filed Objections to Magistrate Judge Ellen Carmody's January 31, 2013 Report and Recommendation (R & R), in which she recommended that Plaintiff's Motion for Substituted Service be denied and that the Court dismiss Plaintiff's claims against Defendants Cohen, Stevenson, Sudhir, Whalen, and Baker without prejudice for failure to effect timely service.

After conducting a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Plaintiff's claims against Defendants Cohen, Stevenson, Sudhir, Whalen, and Baker dismissed without prejudice.

The time for service of the summons and complaint is governed by Rule 4(m) of the Federal Rules of Civil Procedure. That rule provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

The magistrate judge concluded that Plaintiff failed to show good cause for failing to serve Defendants Cohen, Stevenson, Sudhir, Whalen, and Baker within the time prescribed in Rule 4(m) because Plaintiff took no action to effectuate service on those Defendants for almost one and one-half years after this Court entered its Order for Partial Service (dkt. #17) on March 23, 2011. The magistrate judge noted that during this time, Plaintiff neither requested an extension of time to serve these Defendants nor requested the Court's assistance in effecting service on them. (R & R at 2.)

In his Objections, Plaintiff contends that he has shown good cause because the Clerk and the Marshal failed to follow the March 23, 2011 Order for Partial Service, which provides, in relevant part:

> IT IS FURTHER ORDERED that upon receipt of the copies required by this order, the Clerk shall forward the amended complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. 1915(d).

(3/23/11 Order for Partial Service at 2.) The docket report shows that on May 10, 2011, the Clerk delivered Waiver of Service forms for all remaining Defendants, including Defendants Cohen, Stevenson, Sudhir, Whalen, and Baker, to the Marshals Service. Several Defendants returned executed Waiver of Service forms, but Defendants Sudhir, Whalen, and Baker apparently did not return their forms. Defendants Stevenson and Cohen returned unexecuted forms. (Dkt. ## 39, 48.) The only other docket entries pertaining to the unserved Defendants show that a summons for Defendant Cohen was returned unexecuted on September 6, 2011. (Dkt. # 64.) Thus, it appears that summons were never issued for Defendants Stevenson, Sudhir, Whalen, and Baker.

Plaintiff correctly notes that because he has been granted in forma pauperis status, he is entitled to rely on the United States Marshal to complete service of process. *See* 28 U.S.C. § 1915; Fed. R. Civ. P. 4(c)(3); *see also Powell v. Indep. Inventory Serv., Inc.*, No. 12-10910, 2013 WL

2

1668208, at *4 (11th Cir. Apr. 17, 2013) ("Because she proceeded IFP, Powell was entitled to have the Marshal serve process on her behalf."). In addition, the Sixth Circuit has held that "the utter failure of the clerk and the Marshals Service to accomplish their respective duties to issue and serve process for plaintiff proceeding in forma pauperis constitutes a showing of good cause." *Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996). It appears that such a failure occurred in this case, at least with regard to Defendants Stevenson, Sudhir, Whalen, and Baker, because the Marshals Service never followed up on the Waiver of Service forms for those Defendants and, consequently, summons were never issued. In addition, it appears that the Clerk failed to issue a summons for Defendant Stevenson. However, these failures do not automatically establish good cause because "the behavior of a prisoner proceeding *in forma pauperis* is relevant to whether good cause exists." *Freeman v. Collins*, No. 2:08-cv-71, 2011 WL 4914873, at *3 (S.D. Ohio Aug. 15, 2011) (citing *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)). In particular, a plaintiff who, with knowledge that service has not been timely accomplished or is defective, cannot claim good cause if he has done nothing to effectuate service. *See Vandiver v. Martin*, 304 F. Supp. 2d 934, 942–43 (E.D. Mich. 2004) (noting that the plaintiff "did nothing else after Magistrate Judge Komives ordered the U.S. Marshal to serve Defendants Debruyn and King").

In the instant case, the Order for Partial Service was entered on March 23, 2011, yet, Plaintiff failed to seek the Court's assistance in serving Defendants Cohen, Stevenson, Sudhir, Whalen, and Baker until October 18, 2012, when he filed his Motion for Alternate Service. During this time, Plaintiff had access to the docket report, as the Clerk mailed copies to Plaintiff on several occasions in response to Plaintiff's request. Thus, Plaintiff should have known that, with the exception of Defendant Cohen, summonses had not been issued for these Defendants. Moreover, the Motion to Withdraw Appearance on Behalf of Dr. Vernon Stevenson (dkt. # 92), filed by Chapman and

Associates, P.C. after that firm mistakenly indicated that it represented Defendant Stevenson—who had not yet appeared—should have alerted Plaintiff of the need to seek assistance from the Court in effecting service on Defendant Stevenson, as well as the other unserved Defendants.

Citing his Motion for Substitute Service (dkt. # 12) filed on January 14, 2011, Plaintiff contends that he did take some action to effect timely service. Plaintiff's motion preceded the Court's Order for Partial Service by more than two months, and the magistrate judge denied the motion as moot in light of the then-recently-issued Order for Partial Service. (Dkt. # 20.) As noted, Plaintiff took no further action after that time until he filed his Motion for Alternate Service in October 2012. Plaintiff also states that he mailed a letter to the Marshals Service on August 30, 2011, regarding the status of service. However, Plaintiff waited more than a year after that time to request assistance from the Court in effecting service. Under these circumstances, Plaintiff has not been diligent in effecting service and, thus, has not shown good cause.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 31, 2013 (dkt. # 117) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Alternative Service (dkt. # 110) is **DENIED**, and Plaintiff's claims against Defendants Cohen, Stevenson, Sudhir, Whalen, and Baker are **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service.

Dated: June 3, 2013  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE